UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE N**02 - 61458**

SSI HOLIDAYS, LTD., a Bahamas
Corporation,,

**CIV - SEITZ**

MAGISTRATE JUDGE
BANDSTRA

Plaintiff,

v.

CON-WAY TRANSPORTATION
SERVICES, INC., a/k/a CON-WAY
SOUTHERN EXPRESS, INC., a
California Corporation; G & G MARINE,
INC., a/k/a G & G SHIPPING, a Florida
Corporation; HOOVER FENCE CO., an
Ohio Corporation,

Defendants.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION
## SIGNED PURSUANT TO FED.R.CIV.P. 11

COMES NOW, Defendant, Con-Way Transportation Services ("Con-Way"), by and

through undersigned counsel, and files its Notice of Removal signed pursuant to Fed.R.Civ.P. 11

to remove this action to this Court from the Circuit Court of the Seventeenth Judicial Circuit in

and for Broward County, Florida, and in support thereof, respectfully shows the Court as follows:

1.      This is a civil action of which the District Court has original federal question

jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1337(a)  & 1367(a)in that this action has been

brought by Plaintiff, SSI Holidays, Ltd., ("SSI"), alleging a loss arising from an interstate



CASE NO.

shipment of goods by common carrier for hire - governed by 49 U. S. C. §14706.  See Complaint

at ¶¶ 5, 8, 12, 14, 15, 19, 21, 22, 25, 26, 59, & 60.

2.      On September 16, 2002, the Complaint of Plaintiff, SSI, was served upon

Defendant, Con-Way.  Accordingly, this Notice is filed within the time allowed by 28 U.S.C. §

1446(b).

3.      True and legible copies of all process, pleadings, orders, and other papers or

exhibits of every kind, now on file in the State Circuit Court and/or served by and upon Con-Way

are annexed hereto.

4.      The amount in controversy is in excess of $10,000.00, exclusive of interest and

costs.  See Complaint at ¶ 1.

5.      The only other defendant to make an appearance in this action as of the date of

filing this Notice is G&G Shipping.  Counsel for G&G consents to removal of this action.

6.      The District Court has federal question jurisdiction over this civil action under 28

U.S.C. §§ 1331, 1337(a) & 1367(a).  Therefore, Con-Way may remove this civil action pursuant

to 28 U.S.C. § 1441(b) to the United States District Court for the Southern Judicial District of

Florida, the judicial district in which the state court action was pending.

7.      This notice is signed by counsel for Con-Way pursuant to Rule 11, Fed. R. Civ. P.

2

CASE NO.

BY _____
WILLIAM E. DAVIS (trial counsel)
Florida Bar No. 191680
JILL A. COOK-EDWARDS
Florida Bar No. 0115411
BUCHANAN INGERSOLL, P.C.
2100 NATIONSBANK TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FL 33131
(305) 347-4080

## CERTIFICATE OF SERVICE

HEREBY CERTIFY, that a true copy of the foregoing was mailed this 15th day of October, 2002

to:  Keith M. Stern, PA 80 SW 8th Street, Brickell Bayview Centre, Suite 2100, Miami, Florida

33130 and Brian Hill, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Bank of

America Tower, 17th Floor, 100 S.E. 2nd Street, Miami, Florida 33131.

_____
WILLIAM E. DAVIS

3

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

SSI HOLIDAYS, LTD.                  )
a Bahamas Corporation,              )
                                    )
        Plaintiff,                  )
                                    )        General Jurisdiction Division    02017229
vs.                                 )
                                    )        CASE NO. _____
CON-WAY TRANSPORTATION              )
SERVICES, INC., a/k/a CON-WAY       )
SOUTHERN EXPRESS, INC.,             )
a California Corporation,           )
G & G MARINE, INC., a/k/a G & G     )
SHIPPING, a Florida Corporation, and )
HOOVER FENCE CO.,                   )
an Ohio Corporation,                )
                                    )
        Defendants.                 )
_____)

**A TRUE COPY**
**05 SEP - 6 2002**
**HOWARD C. FORMAN**
**CLERK OF CIRCUIT COURT**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SSI HOLIDAYS, LTD., by and through undersigned counsel, hereby sues

CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN

EXPRESS, INC., G & G MARINE, INC., a/k/a G & G SHIPPING, and HOOVER FENCE CO.

and says:

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2.     Plaintiff, SSI HOLIDAYS, LTD. (hereinafter "SSI"), is a Bahamian Corporation

with its principal place of business in Stella Maris, Long Island, Bahamas.

3.     Defendant, CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-

WAY SOUTHERN EXPRESS, INC. (hereinafter "Con-Way") is a California corporation

engaged in business in Broward County, Florida.

1

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887    FACSIMILE: 305.324.1111

4.     Defendant, G & G MARINE, INC., a/k/a G & G SHIPPING (hereinafter "G & G") is a Florida corporation engaged in business in Broward County, Florida.

5.     Defendant, HOOVER FENCE CO. (hereinafter "Hoover") is an Ohio corporation engaged in business in Broward County, Florida.

6.     On or around April 18, 2001, from a computer in Coral Springs, Florida, SSI, through its agent, Sascha de-Gregori, ordered two (2) custom-made industrial gates (hereinafter "gates"), consisting of four (4) gate leaves, and accompanying hardware for these gates, from Hoover through its Internet website, www.hooverfence.com, for a total of $8,599.05. Exhibit 1.

7.     In connection with its purchase of gates and accompanying hardware from Hoover, SSI entered into a sales/destination contract with Hoover governing the shipment of the gates and accompanying hardware to SSI in Stella Maris, Long Island, Bahamas. Exhibit 1.

8.     The terms of SSI's sales/destination contract with Hoover were "F.O.B. G & G Shipping," meaning that Hoover was contractually obligated to deliver the gates and accompanying hardware to Defendant G & G Shipping, at 1100 NE 7th Avenue in Dania Beach, Florida 33004. Exhibit 1.

9.     The gates and accompanying hardware purchased by SSI from Hoover on or around April 18, 2001 constitute "goods" within the meaning of the Florida Uniform Commercial Code (hereinafter "UCC"), Florida Statutes §677.102(1)(f).

10.    Once the gates and accompanying hardware were delivered to G & G in Dania Beach, Florida, SSI had made arrangements to have the goods shipped by G & G via barge to SSI in Stella Maris, Long Island, Bahamas.

11.    On or around April 19, 2001, SSI paid Hoover in full for both the gates and accompanying hardware. Exhibit 2.

2

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET  BRICKELL BAYVIEW CENTRE, SUITE 2100  MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

SEP 20 2002 12:05                                    734 214 5652        PAGE.07

12.     Although SSI purchased the gates and accompanying hardware from Hoover, Hoover apparently subcontracted the manufacture of the gates and/or hardware to Ultra Aluminum Manufacturing, Inc. (hereinafter "UAM"), a Michigan Corporation. See Exhibit 3.

13.     Under the Florida UCC, a "consignee" is a person or entity named in a bill of lading to whom, or to whose order, the bill promises delivery of goods. F.S. §677.102(1)(b).

14.     Accordingly, because SSI's contract with Hoover required the goods to be shipped from Hoover/UAM to G & G in Dania Beach, Florida, G & G is a "consignee" within the meaning of the Florida UCC, F.S. §677.102(1)(b).

15.     On or around April 30, 2001, Hoover/UAM shipped the gates and accompanying hardware to G & G through a carrier, Defendant Con-Way. This shipment is reflected by Con-Way's internal documents as PRO # 761-276250. See Exhibit 4.

16.     Under the Florida UCC, a "bailee" is the person who by a warehouse receipt, bill of lading or other document of title acknowledges possession of goods and contracts to deliver them. F.S. §677.102(1)(a).

17.     Accordingly, with respect to the gates and accompanying hardware purchased by SSI from Hoover, both Con-Way and G & G are "bailees" within the meaning of the Florida UCC, F.S. §677.102(1)(a) and were required to exercise a reasonable degree of care in relation to the goods which a reasonably careful bailee would exercise under like circumstances.

18.     Moreover, pursuant to F.S. §677.309, as the carrier of the aforementioned gates, Con-Way was required to exercise the degree of care in relation to the goods which a reasonably careful person would exercise under like circumstances.

19.     On or around May 4, 2001, Con-Way delivered the gates and accompanying hardware to G & G in Dania Beach, Florida (hereinafter "first shipment"). See Exhibit 5.

3

20.   However, upon inspection of the gates and accompanying hardware by SSI, SSI's agent, Mr. de-Gregori, discovered that the gates were damaged, improperly welded and/or not manufactured to SSI's specifications. As a result, while SSI accepted part of the first shipment from Hoover/UAM, it rejected the Hoover/UAM gates and attempted to return the gates to Hoover/UAM for repair and/or re-manufacturing.

21.   On or around June 1, 2001, Hoover/UAM shipped two (2) replacement gates, consisting of four (4) leaves in total, to G & G through Con-Way. This shipment is reflected by Con-Way's internal documents as PRO # 761-277263. Exhibit 6.

22.   On or around June 1, 2001, Con-Way delivered these replacement gates, consisting of four (4) leaves in total, to G & G in Dania Beach, Florida (hereinafter "second shipment"). See Exhibit 7.

23.   On or around June 22, 2001, Mr. de-Gregori inspected the replacement gates received by G & G and discovered that one (1) of the four (4) leaves making up the gates was damaged. As a result, SSI rejected the second shipment and directed G & G and/or Con-Way to return the one (1) damaged gate-leaf to Hoover/UAM for repair/re-manufacturing.

24.   However, when Con-Way went to G & G in or around July 2001 to pick up the damaged leaf, Con-Way and/or G & G mistakenly sent all four (4) gate-leaves to salvage instead of simply retrieving the one (1) damaged leaf.

25.   On or around July 13, 2001, Hoover/UAM shipped one (1) replacement leaf to G & G through Con-Way. This shipment is reflected by Con-Way's internal documents as PRO # 345-926335. Exhibit 8.

26.   On or around July 25, 2001, Con-Way delivered one (1) replacement leaf to G & G in Dania Beach, Florida (hereinafter "third shipment"). See Exhibit 9.

4

27.     On or around September 26, 2001, SSI accepted delivery of one (1) replacement leaf in Stella Maris, Long Island, Bahamas.

28.     SSI never received any of the other (3) leafs which would have made a complete four (4) leaf set as originally ordered, purchased and paid for by SSI from Hoover.

29.     Sometime between June/ July 2001 and December 19, 2001, Hoover filed a claim with Con-Way for the damage caused to the one (1) gate-leaf which occurred in connection with the second shipment, PRO # 761-277263.

30.     On or around December 11, 2001, SSI filed a claim, Claim # 0167144, for the loss of all four (4) leaves making up the two (2) gates SSI had originally purchased from Hoover in April 2001, totaling $5,808.15. See Exhibit 10.

31.     Sometime between June/ July 2001 and December 20, 2001, Con-Way paid Hoover's claim, as described in Paragraph 29, above in the amount of $1,335.00. See Exhibits 11, 12.

32.     On or around December 20, 2001, Con-Way denied SSI's claim for loss, Claim # 0167144, on the grounds that a previous claim had been filed by Hoover for damage and/or loss of the same shipment. Exhibit 11, 12.

33.     Pursuant to the Florida Uniform Commercial Code, F.S. §672.712, because: (a) Con-Way, Hoover and/or G & G failed to deliver the four (4) gate leaves which SSI purchased from Hoover in April 2001; (b) the industrial gates which SSI purchased from Hoover were custom-made; (c) those particular gates are no longer manufactured by Hoover, UAM, or any other manufacturer; and (d) SSI only received delivery of one (1) of the four (4) leaves necessary to constitute a functioning two (2) gate system; on or around January 7 2002, SSI purchased a

5

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887   FACSIMILE: 305.324.1111

substitute gate system from Ultra Aluminum Manufacturing, Inc. in order to cover the damages resulting from Con-Way's, Hoover's, and/or G & G's negligence.

34.    SSI spent $9,582.00 on the substitute gate system it purchased from Ultra Aluminum Manufacturing, Inc. Exhibit 13.

35.    As a result of Con-Way's, Hoover's, and/or G & G's wrongful conduct, SSI has been forced to retain undersigned counsel to represent it in the instant case and has agreed to pay undersigned counsel a reasonable attorneys' fee in this regard.

36.    All conditions precedent to the institution of this action have either occurred or been waived.

## COUNT I – BREACH OF CONTRACT BY HOOVER

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against HOOVER FENCE CO. for breach of contract.

37.    In connection with its purchase of gates from Hoover, SSI entered into a sales/destination contract with Hoover governing the shipment of the gates which constitutes a "delivery order" within the meaning of the Florida UCC, F.S. §677.102(1)(d). Exhibit 1.

38.    The terms of SSI's sales/destination contract, or delivery order, with Hoover were "F.O.B. G & G Shipping," meaning that Hoover was contractually obligated to deliver the gates and accompanying hardware to G & G Shipping at 1100 NE 7th Avenue in Dania Beach, Florida 33004. Id.

39.    However, Hoover failed to deliver two (2) gates, consisting of four (4) leaves, to SSI at G & G in Dania Beach, Florida, but rather delivered only nonconforming, defective, damaged, and/or an incomplete number of gates.

6

40.     Accordingly, by failing to deliver two (2) conforming gates, consisting of four (4) leaves, to SSI at G & G in Dania Beach, Florida, Hoover breached its sales/destination contract/delivery order with SSI.

41.     As a result of Hoover's breach, pursuant to the Florida UCC, F.S. §672.712, SSI was entitled to, in good faith, make a reasonable purchase of, or contract to purchase, goods in substitution for those due from Hoover.

42.     Accordingly, SSI's purchase of a substitute gate system from Ultra Aluminum Manufacturing, Inc. constitutes "cover" within the meaning of the Florida UCC, F.S. §672.712.

43.     Pursuant to the Florida UCC, F.S. §672.712, SSI is entitled to recover from Hoover the difference between the cost of its cover and the contract price, together with any incidental or consequential damages.

44.     Because the gates delivered by Hoover to SSI never worked properly and/or were incapable of completing the basic functions for which they were intended by Hoover and purchased by SSI, SSI was deprived of the full value of its bargain with Hoover.

WHEREFORE, Plaintiff, SSI HOLIDAYS, LTD., demands judgment against HOOVER FENCE CO. for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT II – UNJUST ENRICHMENT BY HOOVER

7

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET  BRICKELL BAYVIEW CENTRE, SUITE 2100  MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

SEP 20 2002 12:07                                      734 214 5652        PAGE.12

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against HOOVER FENCE CO. for unjust enrichment.

45.   In or around April 2001, SSI ordered goods from Hoover totaling $8,599.05 and paid Hoover for said goods.

46.   Despite the fact that SSI paid Hoover in full for the goods which it ordered, Hoover failed to deliver to SSI conforming goods.

47.   Moreover, despite the fact that Hoover was paid in full by SSI for the goods which SSI ordered in April 2001 but never received, Hoover filed a damage/loss claim with Con-Way concerning these same goods and received $1,335.00 in compensation from Con-Way in connection therewith.

48.   Hoover would be unjustly enriched and SSI would be damaged if Hoover is not required to return to SSI both the monies expended by SSI in purchasing the goods which SSI ordered in April 2001 but never received and the monies paid by Con-Way to Hoover on Hoover's damage/loss claim.

WHEREFORE, Plaintiff, SSI HOLIDAYS, LTD., demands judgment against HOOVER FENCE CO. for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT III – NEGLIGENCE BY HOOVER

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against HOOVER FENCE CO. for negligence.

49.   In April 2001, SSI ordered custom-made, industrial gates from Hoover.

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

50.     Accordingly, as a seller of custom-made gates, Hoover had an obligation to exercise reasonable care in providing SSI with gates which could function as intended by Hoover when sold to SSI.

51.     Hoover, however, negligently failed to deliver to SSI conforming or functioning gates as ordered, but rather delivered nonconforming, defective, damaged, and/or an incomplete number of gates which were incapable of being used by SSI as intended.

52.     Accordingly, Hoover failed to exercise reasonable care as any reasonable seller of custom-made, industrial gates would and therefore breached its duty to SSI.

53.     As a result of Hoover's failure to exercise reasonable care, SSI has suffered damages including but not limited to, the value of the use of the gates which it ordered from Hoover and the cost associated with SSI's purchase of substitute gates from Ultra Aluminum Manufacturing, Inc.

WHEREFORE, Plaintiff, SSI HOLIDAYS, LTD., demands judgment against HOOVER FENCE CO. for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV - BREACH OF WARRANTY BY HOOVER

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against HOOVER FENCE CO. for breach of warranty.

54.     Through its Internet website, www.hooverfence.com, Hoover marketed, manufactured/welded and/or sold custom-made industrial gates to SSI.

9

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887   FACSIMILE: 305.324.1111

55.    Hoover impliedly warranted that its gates were suitable to be used by SSI at a resort/country club in Long Island, Bahamas, knew that SSI was buying the gates for that purpose, and knew that SSI was relying on Hoover's judgment in providing a suitable product.

56.    The gates which Hoover delivered to SSI did not properly perform and/or were incapable of being used by SSI to complete their intended functions.

57.    SSI notified Hoover of the failure of its gates in or around May 2001.

58.    As a result of the failure of Hoover's gates to perform as intended by Defendant, SSI has suffered damages including but not limited to, the value of the use of the gates which it ordered from Hoover and the cost associated with SSI's purchase of substitute gates from Ultra Aluminum Manufacturing, Inc.

WHEREFORE, Plaintiff, SSI HOLIDAYS, LTD., demands judgment against HOOVER FENCE CO. for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT V – NEGLIGENCE BY CON-WAY

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN EXPRESS, INC. negligence.

59.    Defendant Con-Way is a carrier of goods for hire who issued bills of lading to Hoover/UAM, and/or SSI, in connection with the gates SSI purchased from Hoover in April 2001.

60.    In April, May, June and/or July 2001, Hoover and/or UAM delivered, among other goods. two (2) custom-made industrial gates, consisting of four (4) gate leaves, to Con-

10

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET  BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

SEP 20 2002 12:08                                                734 214 5652        PAGE. 15

Way to be carried from Whitmore Lake, Michigan to Dania Beach, Florida and delivered to SSI within a reasonable time.

61.     Pursuant to the Florida UCC, F.S. § 677.102(1)(a), Con-Way is a "bailee" who was required to exercise a reasonable degree of care in relation to the goods which a reasonably careful bailee would exercise under like circumstances.

62.     Additionally, pursuant to the Florida UCC, F.S. §677.309, Con-Way is a carrier who was required to exercise the degree of care in relation to the goods which a reasonably careful person would exercise under like circumstances.

63.     Con-Way negligently failed to care for the property while it was in Con-Way's custody, control and possession.

64.     As a result of Con-Way's failure to exercise ordinary care, SSI's property was damaged, broken and lost and SSI has incurred expense for replacement of the property as well as for the lost value of using said property during the period required for replacement.

WHEREFORE, Plaintiff, SSI HOLIDAYS, LTD., demands judgment against CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN EXPRESS, INC. for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT VI – CONVERSION BY CON-WAY

Plaintiff, SSI HOLIDAYS, LTD., reasserts and reaffirms the allegations of Paragraphs 1 through 36 above as if fully set forth herein and further states that this is an action against CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN EXPRESS, INC., for conversion.

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

65.     On or around July 30, 2001, Con-Way converted to Defendant's own use at least three (3) custom-made gate-leaves that were then the property of SSI of the value of $5,809.05.

WHEREFORE, Plaintiff SSI HOLIDAYS, LTD. demands judgment against CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN EXPRESS, INC., for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## COUNT VII – NEGLIGENCE BY G & G

Plaintiff, SSI HOLIDAYS, LTD., restates, reasserts and reaffirms the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against G & G MARINE, INC., a/k/a G & G SHIPPING, for negligence.

66.     Under the Florida UCC, a "bailee" is the person who by a warehouse receipt, bill of lading or other document of title acknowledges possession of goods and contracts to deliver them. F.S. §677.102(1)(a).

67.     Under the Florida UCC, a "consignee" is a person or entity named in a bill of lading to whom, or to whose order, the bill promises delivery of goods. F.S. §677.102(1)(b).

68.     Similarly, under the Florida UCC, a "warehouseman" is a person engaged in the business of storing goods for hire. F.S. §677.102(1)(h).

69.     Accordingly, because SSI's contract with Hoover required the goods to be shipped from Hoover/UAM to G & G in Dania Beach, Florida, and because G & G was then responsible for storing those goods and ensuring that they were delivered to SSI in the Bahamas, G & G is: (i) a "bailee" who was required to exercise a reasonable degree of care in relation to the goods which a reasonably careful bailee would exercise under like circumstances, F.S. §677.102(1)(a); (ii) a "consignee" who was required to exercise a reasonable degree of care in

12

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET  BRICKELL BAYVIEW CENTRE, SUITE 2100  MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

73.     On or around July 30, 2001, G & G converted to Defendant's own use at least three (3) custom-made gate-leaves that were then the property of SSI of the value of $5,809.05.

WHEREFORE, Plaintiff SSI HOLIDAYS, LTD. demands judgment against G & G MARINE, INC., a/k/a G & G SHIPPING, for damages, interest, costs, attorneys' fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

SSI Holidays, Ltd. demands trial by jury on all issues so triable.

Respectfully submitted,

LAW OFFICE OF KEITH M. STERN, P.A.
80 Southwest Eighth Street
Brickell Bayview Centre, Suite 2100
Miami, Florida 33130
Telephone: (305) 810-2887
Facsimile: (305) 324-1111
Email: employlaw@keithstern.com

By:   _Keith M. Stern_

Keith M. Stern, Esquire
Florida Bar No. 0321000

Dated:  8-30-02

LAW OFFICE OF KEITH M. STERN, P.A.
80 SOUTHWEST EIGHTH STREET BRICKELL BAYVIEW CENTRE, SUITE 2100 MIAMI, FLORIDA 33130
TELEPHONE: 305.810.2887  FACSIMILE: 305.324.1111

# EXHIBIT 1

# EXHIBIT 2

Hoover Fence Co.

# Invoice

5531 McClintocksburg Rd.
Newton Falls, OH 44444
Phone: 330-358-2335
Fax: 330-358-2624

| Date | Invoice # |
|------|-----------|
| 4/18/2001 | 213011 |

| Bill To | Ship To |
|---------|---------|
| Sascha de-Gregori<br>SSI Holidays Ltd.<br>9844 NW 19th St.<br>Coral Springs, FL. 33071<br>Phone: 954-341-5513 | G&G Shipping<br>1100 NE 7th Ave.<br>Dania Beach, FL. 33004<br>Contact: Lisa Ferrari<br>Phone: 954-925-3032 |

| P.O. No. | Terms | Rep | Ship | Via | F.O.B. | Project |
|----------|-------|-----|------|-----|--------|---------|
| Verbal | Visa | CH | 4/18/2001 | Drop Ship | FL. 33004 | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 2 | UBR-350-18 | U-350 INDUSTRIAL GATE W/ PICKETS ARCHED 5'-6' X 18' WIDE BRONZE COLUMN MOUNT W/ J-BOLTS W/ TRIAD FINIALS | 2,410.00 | 4,820.00T |
| 1 | U-JOLT | J-BOLT HINGE (PAIR) FOR INDUSTRIAL GATE (EXTRA) | 33.75 | 33.75T |
| 24 | UBZ-15-5S | 5' HIGH STYLE #15 (UAS-350) RES. SECTION CONVEX BRONZE W/ PRESSED POINTS | 72.00 | 1,728.00T |
| 22 | UBZ-15-5LP | 2" X 7' X .060 LINE POST STYLE #15 (UAS-350) BRONZE | 33.75 | 742.50T |
| 2 | UBZ-15-5EP | 2" X 7' X .060 END POST STYLE #15 (UAS-350) BRONZE | 33.75 | 67.50T |
| 12 | UBZ-WM-ADJ | ADJUSTABLE WALL MOUNT BRACKET BRONZE | 7.00 | 84.00T |
| 6 | UBZ-TP | BRONZE TOUCH-UP PAINT 12 OZ. SPRAY | 11.90 | 71.40T |
| 30 | UBZ-2-BC | 2" SQ. BALL CAP BRONZE | 8.40 | 252.00T |
| 2 | UBZ-ILD | INDUSTRIAL LOCKING DEVICE BRONZE | 99.95 | 199.90T |
| 2 | CUSTOM | WELD FEE FOR TWO ABOVE GATES | 300.00 | 600.00T |
| | | No Sales Tax | 0.00% | 0.00 |

FREE SHIPPING!

| **Total** | $8,599.05 |
|-----------|-----------|

Bank Of America Online Banking                                          Page 1 of 2



| Posting Date | Description | Amount | Balance |
| --- | --- | --- | --- |
| 04/19/2001 | CHECKCARD 0418 HOOVER FENCE CO | $334.00 | |
| 04/19/2001 | CHECKCARD 0419 HOOVER FENCE CO | $8,265.05 | |

# EXHIBIT 3

 **ALUMINUM** Mfg. Inc.

**INVOICE**

## Aluminum Ornamental Fences

10505 Plaza Dr.
Building C
Whitmore Lake, MI 48189
734.449.2850 fax 734.449.2450

| NUMBER |
|--------|
| 4491 |

| DATE |
|------|
| 4/30/2001 |

CUSTOMER CODE:
HOO0104

| BILL TO | SHIP TO |
|---------|---------|
| HOOVER FENCE | G & G SHIPPING |
| 5531 McCLINTOCKSBURG RD. | 1100 NE 7TH AVE |
| NEWTON FALLS, OH 44444 | DANIA BEACH, FL 33004 |
| 800-355-2335 | 954-925-3032 |

| P.O. NUMBER | DATE SHIPPED | REP | _ VIA | F.O.B. | TERMS |
|-------------|--------------|-----|-------|--------|-------|
| 2855 | 4/30/2001 | | | | Net 30 |

| SHIPPED | ORDERED | PRODUCT CODE | DESCRIPTION | COLOR | PRICE | AMOUNT |
|---------|---------|--------------|-------------|-------|-------|--------|
| 24 | 24 | UAS-350 R 5' | 3-RAIL   CONVEX SPEAR | BRONZE | 57.50 | 1,380.00 |
| 22 | 22 | P-7.060-L | .060WALL   LINE POST 2" X 7' LONG | BRONZE | 14.50 | 319.00 |
| 2 | 2 | P-7.060-E | .060WALL   END POST 2" X 7' LONG | BRONZE | 14.50 | 29.00 |
| 2 | 2 | 350D 5'x18' | UAS-350 DRIVE GATE 5' H TO 6' x 18' W / W/TRTS / WELDED | BRONZE | 1,075.00 | 2,150.00 |
| 5 | 5 | J-BOLT SET | J-BOLT SET  INDUSTRIAL | BRONZE | 25.00 | 125.00 |
| 12 | 12 | RAIL END ADJ | ADJUSTABLE RAIL END | BRONZE | 5.00 | 60.00 |
| 6 | 6 | PAINT | ACCESSORY SPRAY CAN 12 OZ. | BRONZE | 8.50 | 51.00 |
| 30 | 30 | 2" CAP B | ACCESSORY BALL CAP | BRONZE | 6.00 | 180.00 |
| 2 | 2 | LOCKING DEVIC | LOCKING DEVICE INDUSTRIAL | BRONZE | 50.00 | 100.00 |
| | | Freight | Freight Charges | | 100.00 | 100.00 |

Invoice Total:                     $4,494.00

BACKORDERED ITEMS WILL BE SHIPPED AS AVAILABLE
1 1/2% SERVICE CHARGE PER MONTH WILL BE CHARGED ON ALL OVERDUE ACCOUNTS.  ALL CLAIMS AND RETURNED GOODS MUST BE
ACCOMPANIED BY THIS INVOICE.  THERE WILL BE A SERVICE CHARGE ON ALL RETURNED MERCHANDISE

# EXHIBIT 4

**THIS MEMORANDUM** is an acknowledgment that a Bill of Lading has been issued and is not the Original Bill of Lading, nor a copy or duplicate, covering the property named herein, and is intended solely for filing or record.

| NAME OF CARRIER | | CARRIER'S NO. | DATE | SHIPPER'S NO. |
|---|---|---|---|---|
| CON-WAY CENTRAL EXPRESS | | | 4/30/2001 | **14599** |

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of receipt by the carrier of the property described in the Original Bill of Lading

the property described below in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and deemed as indicated below which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of all of property over all or any portion of said route to destination as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| FROM:<br>SHIPPER<br><br>ORIGIN | ULTRA ALUMINUM MFG., INC.<br>10505 PLAZA DRIVE, BLDG. C<br>WHITMORE LAKE, MI 48189<br>(734) 449-2850 | TO:<br>CONSIGNEE<br><br>STREET<br><br>DESTINATION | G&G SHIPPING<br>1100 NE 7th AVE<br>DIANIA BEACH, FL 33004<br><br>ZIP |
|---|---|---|---|

| DELIVERING<br>CARRIER | | ROUTE | | VEHICLE<br>NUMBER | |
|---|---|---|---|---|---|

| NO.<br>PACKAGES | KIND OF PACKAGE, DESCRIPTION OF ARTICLES,<br>SPECIAL MARKS AND EXCEPTIONS | *WEIGHT<br>(SUBJECT TO CORR.) | CLASS<br>OR RATE | ✔ | CHARGES<br>(FOR CARRIER USE |
|---|---|---|---|---|---|
| | Aluminum Lineal Shape No. II Straight Lengths of Uniform Cross Sectional Dimension or Configuration Not in Coils<br>NMFC 013515-00 60    Orig: 60 | | 60 | | |
| | | 350 | 60 | | |

| SHIP C.O.D. TO: | | COD    Amt. $ | | C.O.D. FEE:<br>☐ Prepaid<br>☐ Collect $ |
|---|---|---|---|---|

If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is carrier's or shipper's weight.

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

$ _____ per _____

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement.
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____
(Signature of Consignor)

| TOTAL<br>CHARGES $ |
|---|

Freight charges are PREPAID unless marked collect.    ☐ Check box if charges are Coll

☐Shipper imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

This is to certify that the above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation

ULTRA ALUMINUM MFG., INC.
10505 PLAZA DRIVE, BLDG. C • WHITMORE LAKE, MI 48189

Shipper, Per _____    Agent, Per _____

# EXHIBIT 5

**CSE CON-WAY SOUTHERN EXPRESS**
Con-Way Transportation Services, Inc.

CWSE

**CONSIGNEE COPY**

**INVOICE NUMBER**
REFER TO THIS NUMBER

| EQUIP NUMBER | DATE | ORIGIN | OUR REVENUE | ADVANCE | BEYOND | DESTINATION | |
|---|---|---|---|---|---|---|---|
| 13+0170 | 5Z01/01 | XAH | | | | NFB | 761-276250 |

CONSIGNEE
G & G SHIPPING
1100 NE 7TH AVE
DIANIA BEACH.FL 33004

SSI Holl..(?) LI

CTS
AR#

INVOICE NUMBER
761-276250

SHIPPER'S NUMBER
SN# 14599

HL7

ROUTE (CARRIER'S PRO DATE & NO. JUNCTIONS)

SHIPPER
ULTRA ALUMINUM MFG —
BLDG C
10505 PLAZA DR
WHITMORE LAKE.MI 48189-9155

BILL TO

| # PCS | HM | DESCRIPTION OF ARTICLES AND MARKS | WEIGHT (LBS) | RATE | TOTAL CHARGES |
|---|---|---|---|---|---|
| 4 | | FCS ALUMINUM LINEAL SHAPES STRAIGHT LENGTHS OF UNIFORM CROSS SECTIONAL DEMENTION OF CONFIGURATION NO IN COILS 13515 CLASS 60 | 350 | | |
| | | FSC FUEL SURCHARGE 3.20% | | | |
| 4 | | TOTAL | 350 | | PPD |
| | | *******NCM | | | |

3 pcs 05 — 4 loc

CALL (954) 970-6518 FOR CSE CUSTOMER SERVICE

SHRINK WRAP INTACT? ☐ YES ☐ NO

Sheri Saunders SHERI SAUNDERS 05 04 01

DUNS # 10-155-1267

AT 5 4 01

LEAVE THIS COPY WITH CONSIGNEE

CNWY

**8**

0400-R (11/88) Litho U.S.A.

# G&G Shipping

## DOCK RECEIPT

760 NE 7th Avenue • Dania Beach, FL 33004
Phone (954) 920-9292 • Fax (954) 925-1659

**3304383**

| DELIVERING CARRIER | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 20-166308 | | MIA | | | | |

SHIPPER
T3 ULTRA ALUMINUM MFG

CONSIGNEE NAME
SSI HOLIDAY LTD

CONSIGNEE ADDRESS

CONSIGNEE TEL. NO.
000-000-0000

DESTINATION
LONG ISLAND

| MARKS & NUMBERS | NUMBER OF PACKAGES | DESCRIPTION OF PACKAGES & GOODS | MEASUREMENTS | | | CUBIC | GROSS WEIGHT | EXCEPTIONS |
|---|---|---|---|---|---|---|---|---|
| | | | H | L | W | | | |
| | 1 CTN | METAL RACKS SHELVES | 10 | 108 | 75 | 47 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | **TOTAL** | | | | | **TOTAL** | **TOTAL** 350 | |

RECEIVED THE ABOVE NUMBER OF ARTICLES AND/OR PACKAGES IN APPARENT GOOD ORDER AND CONDITION EXCEPT AS NOTED. CONTENTS AND OTHER PARTICULARS UNKNOWN. FOR SHIPMENT TO PORT OF DISCHARGE INDICATED HEREON, SUBJECT TO ALL THE TERMS, CONDITIONS AND EXCEPTIONS CONTAINED IN THE CARRIER'S BILL OF LADING, COPIES OF WHICH ARE ON FILE AT THE CARRIER'S PLACE OF BUSINESS. SHIPPER AGREES, AS TO THIS RECEIPT, FREIGHT AND ALL FUTURE SHIPMENTS, THAT G&G SHIPPING WHETHER ACTING SOLELY AS FREIGHT HANDLERS OR OTHERWISE, IS NOT AN INSURER OF ANY FREIGHT OR CARGO, NOR SHALL IT BE LIABLE IN CAUSE NOT ATTRIBUTABLE TO THE WILLFUL GROSS NEGLIGENCE OF G&G SHIPPING.
ALL INSURANCE TO BE OBTAINED BY OWNER OR SHIPPER.
IN ACCEPTING THIS DOCK RECEIPT, SHIPPER FURTHER AGREES TO ALL TERMS AND CONDITIONS OF THE TARIFF GOVERNING STORAGE AT THIS FACILITY.

TOTAL RECEIVED BY  LISA GONZALEZ                          DATE                20

COMPANY NAME        Not insured under
                    our current policy
DRIVER NAME

                    Glass breakage – Damage to furniture
SIGNATURE           Vehicles insure F.P.A.
                    Marble, chrome, denting, rusting, oxidation
NUMBER OF PIECES    unless agreed to at time of shipping   SHRINKWRAPPED ☐

DAMAGED ☐   PALLETIZED ☐                    LOOSE ☐

## DOCK RECEIPT
**3304383**

G&G Shipping Time & Date Stamp
Only In This Area
PAGES
DATE TIME 11584

# NO RESPONSIBILITY IS ACCEPTED
# FOR CONCEALED DAMAGE

# EXHIBIT 6

1409 05-31-2001 NPBD
RFSO
NPB
05-31-01              PRO DATE: 05/23/01   PCS:
PRO: 761277263

************************************************************
TO: ORIGIN TERMINAL IMMEDIATELY AND OBTAIN DISPOSITION OF THIS
CALL SHIPPER IMMEDIATELY AND ADVISE DESTINATION TERMINAL AT ONCE
ON-HAND SHIPMENT ADVISE DESTINATION TERMINAL AT ONCE
AN ON-HAND NOTICE WILL BE MAILED TO THE SHIPPER IN 48
HOURS IF YOU FAIL TO RESPOND ***********************************
************************************************************

DONT KNOW WHAT TO DO WITH/WHERE IT IS GOING

SN/  14759

S/ ULTRA ALUMINUM MFG
   BLDG C
   10505 PLAZA DR
   WHITMORE LAKE, MI 48189-9156          6-1-04

C/ G & G MARINE INC
   1100 NE 7TH AVE
   DANIA, FL 33004

RTE XAH  NPB  NPB
1409 05-31-01 NFBD

END OF MESSAGE

1409 05-31-2001 NPBD
RFSO
NPB
05-31-01              PRO DATE: 05/23/01   PCS:     1   WEIGHT:      200
PRO: 761277263

COPY ... TRANS SERVICE  Fax:734-214-5652     Sep 20 2002 12:21   P.33

# G & G Shipping

## DOCK RECEIPT

760 NE 7th Avenue • Dania Beach, FL 33004
Phone (954) 920-9292 • Fax (954) 925-1859

**3304659**

| DELIVERING CARRIER | | VESSEL | |
|---|---|---|---|
| SHIPPER | | AGENCY | |
| ULTRA ALUMINUM MFG | | | |
| CONSIGNEE NAME | | CONSIGNEE ADDRESS | |
| BSI HOLIDAY LTD | | | |
| CONSIGNEE TEL. NO. | | DESTINATION | |
| 000-000-0000 | | LONG ISLAND | |

| MARKS & NUMBERS | NUMBER OF PACKAGES | DESCRIPTION OF PACKAGES & GOODS | MEASUREMENTS H / L / W | CUBIC | GROSS WEIGHT | EXCEPTIONS |
|---|---|---|---|---|---|---|
| | 1 CTN | ALUMINUM RODS AND | 10 / 109 / 74 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | **TOTAL** | | | **TOTAL** | **TOTAL** | |

RECEIVED THE ABOVE NUMBER OF ARTICLES AND/OR PACKAGES IN APPARENT GOOD ORDER AND CONDITION EXCEPT AS NOTED. CONTENT AND OTHER PARTICULARS UNKNOWN, FOR SHIPMENT TO PORT OF DISCHARGE INDICATED HEREON, SUBJECT TO ALL THE TERMS, CONDITIONS AND EXCEPTIONS CONTAINED IN THE CARRIER'S BILL OF LADING, COPIES OF WHICH ARE ON FILE AT THE CARRIER'S PLACE OF BUSINESS. SHIPPER AGREES, AS TO THIS RECEIPTED FREIGHT AND ALL FUTURE SHIPMENTS, THAT G&G SHIPPING WHETHER ACTING SOLELY AS FREIGHT HANDLERS OR OTHERWISE, IS NOT AN INSURER OF ANY FREIGHT OR CARGO, NOR SHALL IT BE LIABLE IN CAUSE NOT ATTRIBUTABLE TO THE WILLFUL GROSS NEGLIGENCE OF G&G SHIPPING.
ALL INSURANCE TO BE OBTAINED BY OWNER OR SHIPPER.
IN ACCEPTING THIS DOCK RECEIPT, SHIPPER FURTHER AGREES TO ALL TERMS AND CONDITIONS OF THE TARIFF GOVERNING STORAGE AT THIS FACILITY.

TOTAL RECEIVED BY LISA GONZALEZ _____ DATE _____ 20___

COMPANY NAME _____

*Not insured un...*
*our current po...*
Glassbreakage. Damage to furniture
Vehicles insure FPA
Marring, chipping, denting, rusting, oxidation
*Unit's Subject to Time of Shipment*

## DOCK RECEIPT
## 3304659

DRIVER NAME _____

SIGNATURE _____

G&G Shipping Time & Date Stamp
Only In This Area

NUMBER OF PIECES _____  SHRINKWRAPPED ☐

DAMAGED ☒   PALLETIZED ☒   LOOSE ☐

## NO RESPONSIBILITY IS ACCEPTED
## FOR CONCEALED DAMAGE

# EXHIBIT 7

Case 0:02-cv-61458-PAS  Document 1  Entered on FLSD Docket 10/17/2002  Page 33 of 64

| IS SHIPPING ORDER  must be legibly filled in in ink, in indelible... pencil, or...  Carbon, and retained by the Agent. | | | SHIPPER'S NO. |
|---|---|---|---|
| ME OF CARRIER  CON-WAY CENTRAL EXPRESS | CARRIER'S NO. | DATE  5-22-01 | **14756** |

RVED  subject to the classifications and lawfully filed tariffs in effect on the date of issue of this Shipping Order...

| FROM:  SHIPPER  ORIGIN: | TO:  CONSIGNEE  STREET  DESTINATION | | ZIP |
|---|---|---|---|
| ULTRA ALUMINUM MFG., INC.  10505 PLAZA DRIVE, BLDG. C  WHITMORE LAKE, MI 48139  (734) 449-2850 | G & G MARINE INC  1100 NE 5TH AVE  DANIA, FL  33004 | | |

| DELIVERING CARRIER | | ROUTE | | VEHICLE NUMBER | | |
|---|---|---|---|---|---|---|
| NO PACKAGES | KIND OF PACKAGE, DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | | WEIGHT (SUBJECT TO CORR.) | CLASS OR RATE | ✔ | CHARGES (FOR CARRIER USE ONLY) |
| | Aluminum Lineal Shapes No. 1 Straight Lengths of Uniform Cross Sectional Dimension or Configuration Not in Coils  NMFC 013515-00 60      Orig: 60 | | 200 | | **NPB** | |
| | 761-277263 | | | | | |
| | MW  CCX | | | | | |

EMIT C.O.D. TO:

COD   Amt. $

| C.O.D. FEE: | |
|---|---|
| X Prepaid | |
| Collect $ | |

| TOTAL CHARGES $ | |
|---|---|
| Freight charges are PREPAID unless marked collect. | ☐ Check box if charges are Collect |

ULTRA ALUMINUM MFG., INC.  
10505 PLAZA DRIVE, BLDG. C • WHITMORE LAKE, MI 48109

Shipper, Per

👉 Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading

CCX  _[signature]_  5-22-01    1 LOOSE    317.5065

Orig Shipment
I got new boat to subopor,
they held to where they
again some home.
Show Suf, it Books
To came on
Pro 34562L633
Qty 71601
Sel fill up 1 dr. on pro 4808617L
@ 101

Lennie Snap for me get pieces



# EXHIBIT 8

**S SHIPPING ORDER** must be legibly filled in, in Ink, in Indelible Pencil, or in Carbon and retained by the Agent.

SHIPPER'S NO. Page 15340

| NAME OF CARRIER | CARRIER'S NO. | DATE |
|---|---|---|
| CON WAY CCX | | 07-13-01 |

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of issue of this Shipping Order...

| FROM: SHIPPER (ORIGIN) | TO: CONSIGNEE STREET DESTINATION ZIP |
|---|---|
| ULTRA ALUMINUM MFG., INC.<br>10505 PLAZA DRIVE, BLDG. C<br>WHITMORE LAKE, MI 48189<br>(734) 449-2850 | G&G SHIPPING<br>469A N. READING RD NE 7TH AVE<br>DANIA BEACH, FL 33004<br>954-925-3032 |

DELIVERING CARRIER: CON WAY CCX — ROUTE — VEHICLE NUMBER

| NO. PACKAGES | KIND OF PACKAGE, DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | WEIGHT (SUBJECT TO CORR.) | CLASS OR RATE | ✓ | CHARGES (FOR CARRIER USE ONLY) |
|---|---|---|---|---|---|
| 1 | Aluminum Lineal Shapes No. II Straight Lengths of Uniform Cross Sectional Dimension or Configuration Not in Coils<br>NMFC 013515-00 60 Orig. 60<br>345-926335<br>CCX | 148 | 60 | | |

NPB

REMIT C.O.D. TO: ULTRA ALUMINUM MFG. INC. 10505 PLAZA DRIVE, BLDG. C WHITMORE LAKE, MI 48189

COD Amt. $ 0.00

C.O.D. FEE: Prepaid X Collect $ 0.00

TOTAL CHARGES $ 0.00

Freight charges are PREPAID unless marked collect. Check box if charges are Collect.

If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight".

Shipper's imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding 500.00 per 1

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. (Signature of Consignor)

This is to certify that the above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation.

ULTRA ALUMINUM MFG., INC.
10505 PLAZA DRIVE, BLDG C • WHITMORE LAKE, MI 48189 Shipper, Per [signature] CCX 7/13 1 Loose pc.

Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

Permanent post office address of shipper

2

# EXHIBIT 9

**CS CON-WAY SOUTHERN EXPRESS** 345513

**DELIVERY RECEIPT**

**PRO NUMBER** REFER TO THIS NUMBER

345-926335

| FOUR NUMBER | DATE | ORIGIN | PICKUP ROUTE | | BEYOND | DESTINATION | |
|---|---|---|---|---|---|---|---|
| | 7/16/01 | XAH | | | | NFB | 345-926335 |

For/Sasha DeGregory Holidays Ltd 551 1100

Conrad Alex Forton

SHIPPER'S NUMBER: SN# 15340

CTS

OSD

CONSIGNEE:
D & G SHIPPING
~~4694 N READING RD~~ NE 7TH AVE
DANIA BEACH, FL 33004

PRO NUMBER: 345-926335

SHIPPER:
ULTRA ALUMINUM MFG → 800 552 2335
BLDG C
10505 PLAZA DR
WHITMORE LAKE, MI 48189-9156

| PCS | HM | DESCRIPTION OF ARTICLES AND MARKS | WEIGHT (LBS) | RATE | TOTAL CHARGES |
|---|---|---|---|---|---|
| 1 | | PCS ALUMINUM LINEAL SHAPES STRAIGHT LENGTHS OF UNIFORM CROSS SECTIONAL DEMENTION OF CONFIGURATION NO IN COILS 13515 CLASS 60 | 148 | | |
| | | FSC FUEL SURCHARGE 2.70% | | | |
| 1 | | TOTAL | - 148 | | PPD |
| | | DRH 3305207 | | | |
| | | *****NCM CTN TORN upon RECEIVING Con't Appear OK | | | |

2C CALL (954) 920-8518 FOR CSE CUSTOMER SERVICE

SHRINK WRAP INTACT? YES ☐ NO ☐ | CHECKED: 1 PCS | TIME | CONSIGNEE SIGNATURE: George Gannon | PRINT CONSIGNEE NAME: George Gannon | DATE: 7/25/01

RECEIVED 1 PIECES ABOVE DESCRIBED FREIGHT IN GOOD ORDER EXCEPT AS NOTED | DRIVER A. I. | 7/25/01 | 2

# EXHIBIT 10

File Claim Submit page                                          Page 1 of 1

# ·The following freight claim was submitted from the CON-WAY web site on 12/11/01 6:37:04 AM

## (**To print this document, use the print functionality from your browser.**)

Note: Please refer to the Claim Number in all
correspondence to ensure proper match of your
documents to the claim.

***** Claim Information

| | |
|---|---|
| Claim Number: | 0167144 |
| Claim Reason: | Loss |
| CON-WAY PRO Num: | 761277263 |
| Claimant Ref Num: | |
| Claim Amount: $ | 5,808.15 |
| Filing Date: | 12/11/01 |

***** Claimant Information

| | |
|---|---|
| Claimant Name: | Sascha de-Gregori |
| Claimant Company: | SSI Holidays Ltd., Bahamas |
| Claimant Street: | 9844 NW 19th Street |
| Claimant City: | Coral Springs |
| Claimant State: | FL |
| Claimant ZIP: | 33071 |
| Claimant Country: | US |
| Claimant Phone: | (954) 341-5513 0000 |
| Claimant FAX: | (954) 341-6882 |

***** Description of lost/damaged items

| | |
|---|---|
| Item 1 Desc: | 4 leaves of powdercoated aluminum gates 9ft x 6ft. |
| Item 1 Weight: | 200 |
| Item 1 Pieces: | 4 |
| Item 1 Value: | 5,808.15 |
| Item 2 Desc: | |
| Item 2 Weight: | |
| Item 2 Pieces: | |
| Item 2 Value: | |
| Total Amount: | 5,808.15 |

***** Additional Information about a Claim

Additional Information: Gates arrived damaged, have
been inspected and were released for pickup. The driver
picked up and sgned for 1 Box, which contained also the
non-damaged leaves. the salvage department claims they
never received the "good" leaves.

# EXHIBIT 11



**CTS CON-WAY TRANSPORTATION SERVICES**

A *CNF* COMPANY

SSI HOLIDAYS LTD
SASCHA DE-GREGORI
9844 NW 19TH ST
CORAL SPRINGS      FL 33071

Our File: SE 167144
Your File: 0167144
Previous claimant: *Hoover Fence Co.
Their file: 06-01-04

Prior to receiving your claim, we received a claim involving the same shipment from the claimant {*}
referenced above.

Your claim needs to be deleted from your files, as it is a duplicate claim and we have a previous claim
concluded with Hoover.

Since a previous claim has been filed against this, we must decline participation in your duplicate claim.

Regards,

Philip D. Fisher
Claims Examiner
12/20/01

*SUPERVISOR   JIM RIDDLE*

**CON-WAY TRANSPORTATION SERVICES, INC.**
P.O. Box 982013, N. Richland Hills, TX 76182 • Phone: (817) 514-1300 • FAX: (817) 514-1395

# EXHIBIT 12

COLP  FAXX
0635  12-28-01

ATTN: SASCHA DE-GREGORI


                    CON-WAY SOUTHERN EXPRESS

     CLAIMS DEPARTMENT                      December 28, 2001
     P.O. BOX 982022
     N. RICHLAND HILLS, TX  76
     (817) 514-1317
     FAX:  817-514-1395
     167144 :27

     SSI HOLIDAYS LTD
     ATTN: SASCHA DE-GREGORI
     9844 NW 19TH ST
     CORAL SPRINGS FL 33071



     OUR FILE:    SE-167144
     OUR PRO:     761-277263


     WE HAVE CONCLUDED OUR INVESTIGATION OF YOUR CLAIM.

     A FURTHER REVIEW FINDS THAT OUR SALVAGE MANAGER ADVISES THEY
     RECEIVED ONLY 1 PIECE. THE CLAIM IS NOT PAYABLE BY CON-WAY AND YOU
     SHOULD BE PURSUING G & G MARINE.

     IN VIEW OF THIS INFORMATION, WE MUST RESPECTFULLY DECLINE PAYMENT
     OF YOUR CLAIM.

     THANK YOU FOR YOUR PATIENCE AND COOPERATION IN THIS MATTER.

     SINCERELY,


     PHILIP D. FISHER
     CTS CLAIM SPECIALIST
     PDF:17

# EXHIBIT 13

# ULTRA ALUMINUM

## Aluminum Ornamental Fence

ULTRA ALUMINUM Mfg. Inc

CUSTOMER CODE

**QUOTATION**

NUMBER

DATE  1-7-02

BILL TO  *UNION FENCE*

SHIP TO  *SSI Holidays Ltd.*
*9844 NW 19th St*
*Coral Springs, FL 33071*

| PO NUMBER | DATE SHIPPED | TERMS | SHIP VIA | CUSTOMER PHONE # | COLOR |
|---|---|---|---|---|---|
|  |  | PRE-PAY |  |  | BRONZE |

| QUANTITY ORDERED | SHIPPED | PRODUCT CODE | SPEC. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 1 |  | CUSTOM GATE | — | 5 TO 6 × 20 - TRI-FINIALS | 4902⁰⁰ | 4902⁰⁰ |
| 1 |  | CUSTOM GATE | — | 5 TO 6 × 18 - TRI-FINIALS | 4456⁰⁰ | 4456⁰⁰ |
| 4 |  | COLUMN MOUNT SETS | — |  | 56⁰⁰ | 224⁰⁰ |
|  |  |  |  | TOTAL → | | 9582⁰⁰ |

Invoice Total

*Invoice by Barbara*

A 1.5% SERVICE CHARGE PER MONTH WILL BE CHARGED ON ALL OVER DUE
ACCOUNTS. ALL CLAIMS AND RETURNED GOODS MUST BE ACCOMPANIED
BY THIS INVOICE. THERE WILL BE A SERVICE CHARGE ON ALL RETURNED
MERCHANDISE

10505 Plaza Drive, Bldg C, Whitmore Lake, Michigan 48189 (734) 449-2850 Fax (734) 449-2850

**ULTRA**

Aluminum Orna...

SASCHA DE-GREGORI
ANNEMARIE STROHMEIER
SSI HOLIDAY ACCOUNT
9844 N W 19TH ST
CORAL SPRINGS FL 33071-5817

Pay to the
Order of

**Bank of America**

Bank of America Advantage

⑆063000047⑆ 00306123246⑈ 1273

UNION F...

9874 NW 19 St
Coral Springs, FL - 33071

| P.O. NUMBER | DATE SHIPPED | TERMS | SHIP VIA | CUSTOMER PHONE | COLOR |
|---|---|---|---|---|---|
| | | PRE-PAY | | | BRONZE |

| QUANTITY ORDERED / SHIPPED | PRODUCT CODE | SPEC | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| | CUSTOM GATE | — | 5 to 6 x 20 - Tri-Finials | 4902⁰⁰ | 4902⁰⁰ |
| 1 | CUSTOM GATE | | 5 to 6 x 18 - Tri-Finials | 4456⁰⁰ | 486⁰⁰ |
| 4 | COLUMN MOUNT SETS | — | | 56⁰⁰ | 224⁰⁰ |
| | | | TOTAL → | | 9582⁰⁰ |

**Corporation Service Company**
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(302) 636-5400

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 16-SEP-02                    Transmittal #: FL1520687P      ALL

To: GENERAL COUNSEL                         Redirect sent to:
    CON-WAY TRANSPORTATION SERVICES, INC
    110 PARKLAND PLAZA
    ANN ARBOR MI 48103

### TYPE OF REPRESENTATION: Statutory

*We enclose the following documents which were served upon:*
                The Prentice-Hall Corporation System, Inc.
*as registered agent in   Florida              for*
*CON-WAY TRANSPORTATION SERVICES, INC. (ID#: 0469045)*
*Documents were served on  16-SEP-02    via Personal Service        ID#: N/A*

Title of Action: SSI HOLIDAYS, LTD                    Case #: 02017229
            vs. CON-WAY TRANSPORTATION SERVICES, INC., ET AL.,
         Court: CIRCUIT COURT 17TH JUDICIAL CIRCUIT BROWARD COUNTY, FL.
Nature of Case: Contract

| | | |
|---|---|---|
| X  Summons | ____ Notice of Mechanic's Lien | ____ A self-addressed stamped |
| X  Complaint | ____ Notice of Attorney's Lien | envelope enclosed |
| ____ Garnishment | ____ Notice of Default Judgment | ____ Duplicate copies of the Notice |
| ____ Subpoena | | and Acknowledgement enclosed |

 X  Other:  EXHIBITS

    Answer Due: 20 CALENDAR DAYS
Documents Sent: Federal Express          ID#:
   Call Placed: No call placed           Spoke to:  N/A
     Comments: N/A

Attorney for Claimant:
    KEITH M. STERN, ESQ.
    80 SOUTHWEST EIGHTH STREET
    BRICKELL BAYVIEW CENTRE, SUITE 2100
    MIAMI, FL. 33130
    305-813-2887

Form Prepared By: Gary Forth

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

RECEIVED

Original Client Copy - for your records

SEP 1 7 2002

CTS LEGAL

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

SEP 20 2002 12:04                              734 214 5652        PAGE.02

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

SSI HOLIDAYS, LTD.                          )
a Bahamas Corporation,                      )
                                            )
        Plaintiff,                          )
                                            )        General Jurisdiction Division 02017229
vs.                                         )
                                            )        CASE NO. _____
CON-WAY TRANSPORTATION                      )
SERVICES, INC., a/k/a CON-WAY               )
SOUTHERN EXPRESS, INC.,                     )
a California Corporation,                   )                    **05**
G & G MARINE, INC., a/k/a G & G             )
SHIPPING, a Florida Corporation, and        )
HOOVER FENCE CO.,                           )
an Ohio Corporation,                        )
                                            )
        Defendants.                         )
_____)

### SUMMONS

THE STATE OF FLORIDA;

To Each Sheriff of Said State:

Served
Date 9-16-02  Time 10 30 m.
MICHAEL G. NOLAN, NO. 111
is a certified process server
in the Circuit and County Courts
in and for the Second Judicial Circuit

        YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint, Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of
Documents in this action on Defendant's, CON-WAY TRANSPORTATION SERVICES, INC.
a/k/a CON-WAY SOUTHERN EXPRESS, INC., Registered Agent:


        THE PRENTICE-HALL CORPORATION SYSTEM, INC.
        1201 Hays Street, Suite 105
        Tallahassee, Florida 32301


1

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

Keith M. Stern, Esq.
80 Southwest Eighth Street
Brickell Bayview Centre, Suite 2100
Miami, Florida 33130
Telephone: (305) 810-2887
Facsimile: (305) 324-1111

within twenty (20) days after service of this summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the Complaint.

DATED ___SEP - 6 2002___, 2002.

HOWARD C. FORMAN
Clerk of The Court

BY: _____

SEAL                 DEPUTY CLERK

PASHETTA BLUE

**A TRUE COPY**

Circuit Court Seal

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Seventeenth Judicial Circuit Court
Clerk of Courts
201 SE 6th Street, Room 120
Fort Lauderdale, Florida 33130

you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney named below.

SEP 20 2022 12:05                              734 214 5652          PAGE.04

Keith M. Stern
LAW OFFICE OF KEITH M. STERN, P.A.
80 Southwest Eighth Street
Brickell Bayview Centre, Suite 2100
Miami, Florida 33130
Telephone: (305) 810-2887
Telephone: (305) 324-1111

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su caso y los nombres de las partes interesadas en dicho case.  Si usted no contesta la demanda a tiempo, puediese perder el caso y podría ser despojado du sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney"  (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous.  Vous avez 20 jours consecutifs á partir de la date de l'assignation de cet citation pour deposer une response écrite á la plainte ci-jointe auprés de ce Tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous etes obligé de déposer votre réponse écrife, avec mention de numéro de dossier ci-dessus et do nom des parties nommées, ici, si vous souhaitez que le Tribunal entende votra cause.  Si vous ne déposez pas votre reponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, san aucun préavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouves réquerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez télephoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-meme une réponse écrite, il vous faudra également, en meme temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

3

**CLERK PLEASE STAMP,
DATE & RETURN**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 02017229-05

*OCT 07 2002*

*A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT*

SSI HOLIDAYS, LTD., a Bahamas
Corporation,,

      Plaintiff,

v.

CON-WAY TRANSPORTATION
SERVICES, INC., a/k/a CON-WAY
SOUTHERN EXPRESS, INC., a
California Corporation; G & G MARINE,
INC., a/k/a G & G SHIPPING, a Florida
Corporation; HOOVER FENCE CO., an
Ohio Corporation,

      Defendants.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CON-WAY

CON-WAY TRANSPORTATION SERVICES, INC., ("Con-Way"), hereby files its

Answer to the Complaint filed by plaintiff, SSI HOLIDAYS, LTD., as follows:

1.    Con-Way admits the allegations contained in paragraph 1 of the complaint for

jurisdictional purposes only.

2.    Con-Way is without knowledge as to the allegations contained in paragraph 2 of

the complaint and therefore denies same and demands strict proof thereof.

3.    Con-Way admits the allegations contained in paragraph 3 of the complaint.

. NO: 02017229-05

4.   Con-Way is without knowledge as to the allegations contained in paragraph 4 of the complaint and therefore denies same and demands strict proof thereof.

5.   Con-Way is without knowledge as to the allegations contained in paragraph 5 of the complaint and therefore denies same and demands strict proof thereof.

6.   Con-Way is without knowledge as to the allegations contained in paragraph 6 of the complaint and therefore denies same and demands strict proof thereof.

7.   Con-Way is without knowledge as to the allegations contained in paragraph 7 of the complaint and therefore denies same and demands strict proof thereof.

8.   Con-Way is without knowledge as to the allegations contained in paragraph 8 of the complaint and therefore denies same and demands strict proof thereof.

9.   Con-Way is without knowledge as to the allegations contained in paragraph 9 of the complaint and therefore denies same and demands strict proof thereof.

10.   Con-Way is without knowledge as to the allegations contained in paragraph 10 of the complaint and therefore denies same and demands strict proof thereof.

11.   Con-Way is without knowledge as to the allegations contained in paragraph 11 of the complaint and therefore denies same and demands strict proof thereof.

12.   Con-Way is without knowledge as to the allegations contained in paragraph 12 of the complaint and therefore denies same and demands strict proof thereof.

13.   Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way.  Con-Way is without knowledge as to the remaining allegations contained in paragraph 13 of the complaint and therefore denies same and demands strict proof thereof.

14.   Con-Way is without knowledge as to the allegations contained in paragraph 14 of the complaint and therefore denies same and demands strict proof thereof.

15.    Con-Way admits that on or about April 30, 2001, Ultra Aluminum Manufacturing, Inc., entered into a contract of carriage with Con-Way for the transportation of goods from Michigan to consignee, G & G Marine, Inc., in Dania Beach, Florida.

16.    Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way.  Con-Way is without knowledge as to the remaining allegations contained in paragraph 16 of the complaint and therefore denies same and demands strict proof thereof.

17.    Con-Way denies the allegations contained in paragraph 17 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

18.    Con-Way denies the allegations contained in paragraph 18 of the complaint.

19.    Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about May 4, 2001.  Con-Way has no knowledge as to the remaining allegations of paragraph 19 of the complaint and therefore denies same and demands strict proof thereof.

20.    Con-Way is without knowledge as to the allegations contained in paragraph 20 of the complaint and therefore denies same and demands strict proof thereof.

21.    Con-Way admits that it entered into a contract of carriage with Ultra Aluminum Manufacturing, Inc., on or about June 1, 2001.  Con-Way has no knowledge as to the remaining allegations of paragraph 21 of the complaint and therefore denies same and demands strict proof thereof.

22.    Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about May 4, 2001.  Con-Way has no knowledge as to the remaining allegations of paragraph 22 of the complaint and therefore denies same and demands strict proof thereof.

23.    Con-Way denies the allegations contained in paragraph 23 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

24.    Con-Way denies the allegations contained in paragraph 24 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

25.    Con-Way admits that it entered into a contract of carriage with Ultra Aluminum Manufacturing, Inc. on or about July 13, 2001.  Con-Way has no knowledge as to the remaining allegations of paragraph 25 of the complaint and therefore denies same and demands strict proof thereof.

26.    Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about July 25, 2001.  Con-Way has no knowledge as to the remaining allegations of paragraph 26 of the complaint and therefore denies same and demands strict proof thereof.

27.    Con-Way is without knowledge as to the allegations contained in paragraph 27 of the complaint and therefore denies same and demands strict proof thereof.

28.    Con-Way is without knowledge as to the allegations contained in paragraph 28 of the complaint and therefore denies same and demands strict proof thereof.

29.    Con-Way admits the allegations contained in paragraph 29 of the complaint.

30.    Con-Way admits the allegations contained in paragraph 30 of the complaint.

31.    Con-Way admits the allegations contained in paragraph 31 of the complaint.

32.    Con-Way admits the allegations contained in paragraph 32 of the complaint.

33.    Con-Way denies the allegations contained in paragraph 33 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

34.    Con-Way is without knowledge as to the allegations contained in paragraph 34 of the complaint and therefore denies same and demands strict proof thereof.

35.    Con-Way denies the allegations contained in paragraph 35 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

36.    Con-Way denies the allegations contained in paragraph 36 of the complaint to the extent that such allegations pertain to Con-Way.  To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

## Count I-Breach of Contract by Hoover

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

37.-44. The allegations contained in Count I, paragraphs 37-44, do not purport to state a cause of action against Con-Way. Therefore, Con-Way is not required to answer paragraphs 37-44.

### Count II-Unjust Enrichment by Hoover

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

45.-48. The allegations contained in Count II, paragraphs 45-48, do not purport to state a cause of action against Con-Way. Therefore, Con-Way is not required to answer paragraphs 45-48.

### Count III-Negligence by Hoover

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

49.-53. The allegations contained in Count III, paragraphs 49-53, do not purport to state a cause of action against Con-Way. Therefore, Con-Way is not required to answer paragraphs 49-53.

### Count IV-Breach of Warranty by Hoover

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

54.-58. The allegations contained in Count IV, paragraphs 54-58, do not purport to state a cause of action against Con-Way. Therefore, Con-Way is not required to answer paragraphs 54-58.

### Count V-Negligence by Con-Way

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

59.     Con-Way admits that it is a motor carrier and that it issued a bill of lading to Ultra Manufacturing, Inc., in connection with the shipment described in paragraph 59.

60.     Con-Way admits the allegations contained in paragraph 60 of the complaint.

61.     Con-Way denies the allegations contained in paragraph 61 of the complaint.

62.     Con-Way denies the allegations contained in paragraph 62 of the complaint.

63.     Con-Way denies the allegations contained in paragraph 63 of the complaint.

64.     Con-Way denies the allegations contained in paragraph 64 of the complaint.

## Count VI-Conversion by Con-Way

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

65.     Con-Way denies the allegations contained in paragraph 65 of the complaint.

## Count VII-Negligence by G & G

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

66.-72. The allegations contained in Count VII, paragraphs 66-72, do not purport to state a cause of action against Con-Way.  Therefore, Con-Way is not required to answer paragraphs 66-72.

## Count VIII-Conversion by G & G

Con-Way reasserts its Answers to paragraphs 1 through 36 of the complaint as though fully set forth herein.

73.   The allegations contained in Count VIII, paragraph 73, do not purport to state a cause of action against Con-Way.  Therefore, Con-Way is not required to answer paragraph 73.

**NOW WHEREFORE,** having answered all of the allegations of the complaint, Con-Way states its Affirmative Defenses as follows:

### First Affirmative Defense

Plaintiff fails to state a cause of action against Con-Way.  Specifically, Counts V and VI are preempted by federal law.

### Second Affirmative Defense

Plaintiff fails to state a cause of action against Con-Way.  Specifically, plaintiff is precluded from recovering against Con-Way under Counts V and VI based on Florida's Economic Loss Rule.

### Third Affirmative Defense

All shipments were accepted by Con-Way in accordance with and subject to all the terms and conditions of the bill of lading and subject to the effective classification tariffs and rules set forth therein and the rules, regulations, and practices of Con-Way including tariffs, together with all limitations of liability therein, which together form the contract of carriage between the parties for the transportation of the subject shipments.

### Fourth Affirmative Defense

Plaintiff is estopped to deny that the subject bills of lading, tariffs and classifications constitute the contract of carriage between the parties in that Plaintiff and/or its agent, at all times material, solicited transportation services from Con-Way and issued the subject bills of lading and contemporaneously accepted Con-Way's performance pursuant to the terms and conditions thereof; that Plaintiff and/or its agent, at all times material, has acknowledged that the subject bill

of lading, tariffs and classifications, as a contract of carriage between the parties in that it has agreed to pay freight rates calculated pursuant thereto and tendered delivery of the goods on the basis thereof.

### Fifth Affirmative Defense

Plaintiff failed to mitigate its losses as required by law and consequently, Con-Way is entitled to a setoff for any amount Plaintiff could have reasonably mitigated.

### Sixth Affirmative Defense

Con-Way is entitled to a set-off for all unpaid freight bills and/or invoices owed by Plaintiff and/or its agent.

### Seventh Affirmative Defense

Con-Way is entitled to a set-off for all amounts paid by Con-Way to Plaintiff and/or its agent.

### Eighth Affirmative Defense

Any damage to the shipments was due to the conduct of parties other than Con-Way, including, but not limited to the shipper, and/or the consignees, over whom Con-Way had no control. Further, pursuant to Fabre v. Marin, 623 So. 2d 1183 (Fla. 1993), any damages awarded to Plaintiff are subject to apportionment of the total fault of all parties, including Hoover Fence Co., G & G Marine, Inc., and Plaintiff. Con-Way expressly reserves the right to amend this defense to name additional parties whose identities are unknown at this time.

### Ninth Affirmative Defense

The shipments at issue were improperly packaged and/or loaded by Plaintiff, shipper, consignee and/or their agents, constituting a default on the part of the shipper.

### Tenth Affirmative Defense

NO: 02017229-05

Plaintiff is precluded from recovering against Con-Way based on Con-Way's payment of claim to Plaintiff's agent, Hoover Fence Co.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this __ day of October, 2000 To:  Keith M. Stern, PA 80 SW 8th Street, Brickell Bayview Centre, Suite 2100, Miami, Florida 33130.

BUCHANAN INGERSOLL, P.C.
ATTORNEYS FOR CON-WAY
TRANSPORTATION SERVICES, INC.
2100 BANK OF AMERICA TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FLORIDA 33131
(305) 347-4080
FAX 347-4089

JILL A. COOK-EDWARDS
FLORIDA BAR NO.: 0115411

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 02017229-05

SSI HOLIDAYS, LTD., a Bahamas
Corporation,,

        Plaintiff,

v.

CON-WAY TRANSPORTATION
SERVICES, INC., a/k/a CON-WAY
SOUTHERN EXPRESS, INC., a
California Corporation; G & G MARINE,
INC., a/k/a G & G SHIPPING, a Florida
Corporation; HOOVER FENCE CO., an
Ohio Corporation,

        Defendants.

_____/

## NOTICE OF REMOVAL OF ACTION

    PLEASE TAKE NOTICE that a Notice of Removal signed pursuant to Rule 11, Fed.

R.Civ.P., a copy of which is attached hereto, was filed in the Office of the Clerk of the United

States District Court for the Southern District of Florida, Ft. Lauderdale Division this 15th day of

October, 2002.

CASE NO: 02017229-05

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 15th day of

October, 2002 to:  Keith M. Stern, PA, 80 SW 8th Street, Brickell Bayview Centre, Suite 2100,

Miami, Florida 33130 and Brian Hill, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.,

Bank of America Tower, 17th Floor, 100 S.E. 2nd Street, Miami, Florida 33131.

BUCHANAN INGERSOLL, P.C.
ATTORNEYS FOR CON-WAY
TRANSPORTATION SERVICES, INC.
2100 BANK OF AMERICA TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FLORIDA 33131
(305) 347-4080
FAX: 347-4089

WILLIAM E. DAVIS
FLORIDA BAR NO.: 191680
JILL A. COOK-EDWARDS
FLORIDA BAR NO.:  0115411

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

**02-61458**

SSI HOLIDAYS, LTD., a Bahamas Corporation,

**CIV-SEITZ**

**DEFENDANTS**

CON-WAY TRANSPORTATION SERVICES, INC., a/k/a CON-WAY SOUTHERN EXPRESS, INC., a California Corporation; G & G MARINE, INC., a/k/a G & G SHIPPING, a Florida Corporation; HOOVER FENCE CO., an Ohio Corporation,

**(b)** County of Residence of First Listed Plaintiff **Bahamas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
Note: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, And Telephone Number)*

Keith M. Stern, PA
80 SW 8th Street
Brickell Bayview Centre, Suite 2100
Miami, Florida 33130

**MAGISTRATE JUDGE BANDSTRA**

Brian Hill, Fowler, White, Burnett,
Hurley, Banick & Strickroot, P.A.,
Bank of America Tower, 17th Floor
100 S.E. 2nd Street
Miami, Florida 33131

Attorneys *(If known)*

William E. Davis
Jill Cook-Edwards
Buchanan Ingersoll, P.C.
Bank of America Tower, Suite 2100
100 S.E. 2nd Street
Miami, Florida 33131

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION   *(Place an X in one box only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- **X** 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

0: 02 CV 61458 Seitz

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an X in one box for Plaintiff and one box for Defendant)*   *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   *(PLACE AN X IN ONE BOX ONLY)*

- ☐ 1 Original Proceeding
- **X** 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   *(PLACE AN X IN ONE BOX ONLY)*

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/ Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| **X** 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | | ☐ 865 RSI (405(g)) | ☐ 896 Freedom of Information Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | **A LABOR** | **A FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations | ☐ 871 IRS — Third Party 26 U.S.C 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | A or B |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 750 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | | A or B | ☐ 791 Employee Ret. Inc Security Act | | |

## VI. CAUSE OF ACTION   *(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)*   *(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)*

**Length of Trial**

via ___ 1 ___ days estimated (for both sides) to try entire case   49 USC § 14706

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

DEMAND **$15,000.00**

Check YES only if demanded in complaint:
JURY DEMAND:   **X** YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   *(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   10.15.02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt # 526 416   Amount _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

OCT 15 2002   526 416