

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 02-61458-CIV-SEITZ/BANDSTRA

SSI HOLIDAYS, LTD., a Bahamas
Corporation,,

    Plaintiff,

v.

CON-WAY TRANSPORTATION
SERVICES, INC., a/k/a CON-WAY
SOUTHERN EXPRESS, INC., a
California Corporation; G & G MARINE,
INC., a/k/a G & G SHIPPING, a Florida
Corporation; HOOVER FENCE CO., an
Ohio Corporation,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED AMENDED COMPLAINT

CON-WAY TRANSPORTATION SERVICES, INC., ("Con-Way"), hereby files its Answer and Affirmative Defenses to the Amended Amended complaint filed by plaintiff, SSI HOLIDAYS, LTD., as follows:

1.   Con-Way admits the allegations contained in paragraph 1 of the amended amended complaint for jurisdictional purposes only.

2.   Con-Way is without knowledge as to the allegations contained in paragraph 2 of the amended complaint and therefore denies same and demands strict proof thereof.

1

3. Con-Way admits the allegations contained in paragraph 3 of the amended complaint.

4. Con-Way is without knowledge as to the allegations contained in paragraph 4 of the amended complaint and therefore denies same and demands strict proof thereof.

5. Con-Way is without knowledge as to the allegations contained in paragraph 5 of the amended complaint and therefore denies same and demands strict proof thereof.

6. Con-Way is without knowledge as to the allegations contained in paragraph 6 of the amended complaint and therefore denies same and demands strict proof thereof.

7. Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way. Con-Way is without knowledge as to the remaining allegations contained in paragraph 7 of the amended complaint and therefore denies same and demands strict proof thereof.

8. Con-Way is without knowledge as to the allegations contained in paragraph 8 of the amended complaint and therefore denies same and demands strict proof thereof.

9. Con-Way is without knowledge as to the allegations contained in paragraph 9 of the amended complaint and therefore denies same and demands strict proof thereof.

10. Con-Way is without knowledge as to the allegations contained in paragraph 10 of the amended complaint and therefore denies same and demands strict proof thereof.

11. Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way. Con-Way is without knowledge as to the remaining allegations contained in paragraph 11 of the amended complaint and therefore denies same and demands strict proof thereof.

12. Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way. Con-Way is without knowledge as to the remaining allegations contained in paragraph 12 of the amended complaint and therefore denies same and demands strict proof thereof.

13. Con-Way admits that on or about April 30, 2001, Ultra Aluminum Manufacturing, Inc., entered into a contract of carriage with Con-Way for the transportation of goods from Michigan to consignee, G & G Marine, Inc., in Dania Beach, Florida.

14. Con-Way denies that Fla. Stat. § 677.102 applies to Con-Way. Con-Way is without knowledge as to the remaining allegations contained in paragraph 14 of the amended complaint and therefore denies same and demands strict proof thereof.

15. Con-Way denies the allegations contained in paragraph 15 of the amended complaint to the extent that such allegations pertain to Con-Way. To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

16. Con-Way denies the allegations contained in paragraph 16 of the amended complaint.

17. Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about May 4, 2001.

18. Con-Way is without knowledge as to the allegations contained in paragraph 18 of the amended complaint and therefore denies same and demands strict proof thereof.

19. Con-Way admits that it entered into a contract of carriage with Ultra Aluminum Manufacturing, Inc., on or about June 1, 2001.

20. Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about May 4, 2001.

21. Con-Way denies the allegations contained in paragraph 21 of the amended complaint to the extent that such allegations pertain to Con-Way. To the extent such allegations pertain to any other party, Con-Way is without knowledge as to such allegations and therefore denies same and demands strict proof thereof.

22. Con-Way denies the allegations contained in paragraph 22 of the amended complaint to the extent that such allegations pertain to Con-Way.

23. Con-Way admits that it entered into a contract of carriage with Ultra Aluminum Manufacturing, Inc. on or about July 13, 2001.

24. Con-Way admits that it delivered goods to G & G in Dania Beach, Florida, on or about July 25, 2001.

25. Con-Way is without knowledge as to the allegations contained in paragraph 25 of the amended complaint and therefore denies same and demands strict proof thereof.

26. Con-Way is without knowledge as to the allegations contained in paragraph 26 of the amended complaint and therefore denies same and demands strict proof thereof.

27. Con-Way denies the allegations contained in paragraph 27 of the amended complaint.

28. Con-Way denies the allegations contained in paragraph 28 of the amended complaint.

### Count I-Negligence

Con-Way reasserts its Answers to paragraphs 1 through 28 of the amended complaint as though fully set forth herein.

29. Con-Way admits that it is a motor carrier and that it issued a bill of lading to Ultra Manufacturing, Inc., in connection with the shipment described in paragraph 29.

30. Con-Way admits the allegations contained in paragraph 30 of the amended complaint.

31. Con-Way denies the allegations contained in paragraph 31 of the amended complaint.

32. Con-Way denies the allegations contained in paragraph 32 of the amended complaint.

33. Con-Way denies the allegations contained in paragraph 33 of the amended complaint.

34. Con-Way denies the allegations contained in paragraph 34 of the amended complaint.

### Count II-Conversion

Con-Way reasserts its Answers to paragraphs 1 through 28 of the amended complaint as though fully set forth herein.

35. Con-Way denies the allegations contained in paragraph 35 of the amended complaint.

36. Con-Way denies all allegations not specifically admitted herein.

### First Affirmative Defense

Plaintiff fails to state a cause of action against Con-Way. Specifically, Counts I and II are preempted by federal law.

### Second Affirmative Defense

Plaintiff fails to state a cause of action against Con-Way. Specifically, plaintiff is precluded from recovering against Con-Way under Counts I and II based on Florida's Economic Loss Rule.

### Third Affirmative Defense

All shipments were accepted by Con-Way in accordance with and subject to all the terms and conditions of the bill of lading and subject to the effective classification tariffs and rules set forth therein and the rules, regulations, and practices of Con-Way including tariffs, together with all limitations of liability therein, which together form the contract of carriage between the parties for the transportation of the subject shipments.

### Fourth Affirmative Defense

Plaintiff is estopped to deny that the subject bills of lading, tariffs and classifications constitute the contract of carriage between the parties in that Plaintiff and/or its agent, at all times material, solicited transportation services from Con-Way and issued the subject bills of lading

CASE NO: 02017229-05

and contemporaneously accepted Con-Way's performance pursuant to the terms and conditions thereof; that Plaintiff and/or its agent, at all times material, has acknowledged that the subject bill of lading, tariffs and classifications, as a contract of carriage between the parties in that it has agreed to pay freight rates calculated pursuant thereto and tendered delivery of the goods on the basis thereof.

### Fifth Affirmative Defense

Plaintiff failed to mitigate its losses as required by law and consequently, Con-Way is entitled to a setoff for any amount Plaintiff could have reasonably mitigated.

### Sixth Affirmative Defense

Con-Way is entitled to a set-off for all unpaid freight bills and/or invoices owed by Plaintiff and/or its agent.

### Seventh Affirmative Defense

Con-Way is entitled to a set-off for all amounts paid by Con-Way to Plaintiff and/or its agent.

### Eighth Affirmative Defense

Any damage to the shipments was due to the conduct of parties other than Con-Way, including, but not limited to the shipper, and/or the consignees, over whom Con-Way had no control. Further, pursuant to Fabre v. Marin, 623 So. 2d 1183 (Fla. 1993), any damages awarded to Plaintiff are subject to apportionment of the total fault of all parties, including Hoover Fence Co., G & G Marine, Inc., UAM and Plaintiff. Con-Way expressly reserves the right to amend this defense to name additional parties whose identities are unknown at this time.

### Ninth Affirmative Defense

The shipments at issue were improperly packaged and/or loaded by Plaintiff, shipper, consignee and/or their agents, constituting a default on the part of the shipper.

### Tenth Affirmative Defense

Plaintiff is precluded from recovering against Con-Way based on Con-Way's payment of claim to Plaintiff's agent, Hoover Fence Co.

### Eleventh Affirmative Defense

Con-Way is entitled to a set-off for all sums paid to Plaintiff by Hoover Fence Co., and G&G.

### Twelfth Affirmative Defense

Plaintiff fails to state a claim for attorneys' fees.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this 3rd day of March 2003 to: Keith M. Stern, PA 80 SW 8th Street, Brickell Bayview Centre, Suite 2100, Miami, Florida 33130.

BUCHANAN INGERSOLL, P.C.
ATTORNEYS FOR CON-WAY
TRANSPORTATION SERVICES, INC.
2100 BANK OF AMERICA TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FLORIDA 33131
(305) 347-4080
FAX: 347-4089

_____
JILL A. COOK-EDWARDS
FLORIDA BAR NO.: 0115411

131332-1:MIA2

BUCHANAN INGERSOLL   PROFESSIONAL CORPORATION   Bank of America Tower   100 SE Second Street, Suite 2100   Miami, FL 33131-2150   T 305 347 4080   F 305 347 4089

8