# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 02-61458-CIV-SEITZ/BANDSTRA

SSI HOLIDAYS, LTD.,
a Bahamas corporation,

        Plaintiff,

v.

CON-WAY TRANSPORTATION
SERVICES, INC. a/k/a CON-WAY
SOUTHERN EXPRESS, INC.,

        Defendant.

_____/

FILED by _____ D.C.

MAR 1 9 2003

CLARENCE MADDOX
CLER.: U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## ORDER GRANTING PLAINTIFF'S UNOPPOSED SECOND MOTION FOR REMAND

THIS MATTER is before the Court on Plaintiff SSI Holidays, Ltd.'s Unopposed Second Motion for Remand [DE-22]. On September 6, 2002, Plaintiff filed this eight-count action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against Defendants Con-Way Transportation Services, Inc. a/k/a Con-Way Southern Express, Inc. ("Con-Way"), G &G Marine, Inc. a/k/a G & G Shipping ("G & G"), and Hoover Fence Co. ("Hoover") for breach of contract, unjust enrichment, negligence, breach of warranty, and conversion. Plaintiff's claims arise out its receipt of damaged, improperly welded, and/or improperly manufactured custom-made industrial gates and related hardware.

On October 16, 2002, Defendant Con-Way removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1337(a) & 1367(a), as this lawsuit alleges a loss arising from an interstate

shipment of goods by common carrier for hire, which is governed by 49 U.S.C. § 14706.[1]

Thereafter, Plaintiff moved to remand this action to state court on grounds that it has not alleged

damages in excess of section 1337(a)'s jurisdictional amount, which provides that "district courts

shall have original jurisdiction of an action brought under [49 U.S.C. §14706], *only if the matter in*

*controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.*" 28

U.S.C. §1337(a) (emphasis added); see K.T. Hunter v. United Van Lines, 746 F.2d 635, 648 (9th Cir

1985) (noting that "[s]ection 1337(a)'s jurisdictional amount provision was plainly intended to

relegate to state courts. . .claims for less than $10,000"). Because it was unclear from the face of the

Complaint what damages Plaintiff sought solely against Defendant Con-Way, and whether this

amount exceeded the jurisdictional requirement of section 1337(a), the Court denied without

prejudice Plaintiff's motion for remand and ordered that Plaintiff shall have until and including

March 10, 2003 to file an Amended Complaint that clearly articulates the amount in controversy

between Plaintiff and Defendant Con-Way, and the specific claims against Defendant Con-Way that

form the basis of the amount in controversy.

On February 27, 2003, Plaintiff filed its two-count Amended Complaint against Defendant

Con-Way alleging claims for negligence and conversion, seeking damages, exclusive of interest,

costs and attorneys' fees, against Defendant in the amount of $8,599.05. (Am. Compl. ¶34). Because

Plaintiff's Amended Complaint does not seek damages in excess of the $10,000.00 jurisdictional

requirement of §1337(a), and because Defendant has notified the Court telephonically that it has no

objection to Plaintiff's Second Motion for Remand, it is hereby

---

[1] The Court has dismissed with prejudice Defendants G & G and Hoover from this action, pursuant to their respective stipulations for dismissal. See [DE-10,15]. Thus, the only remaining Defendant in this action is Con-Way.

ORDERED that:

(1) Plaintiff's Unopposed Second Motion for Remand [DE-22] is GRANTED;

(2) The Clerk is directed to REMAND this matter to the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward County, Florida pursuant to 28 U.S.C. §1447;

(3) All pending motions not otherwise ruled upon are denied as moot; and

(4) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 18th day of March, 2003.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
Clerk of the Court
Keith M. Stern, Esq.  fax 305-324-1111
Jill A. Cook-Edwards, Esq.  fax 305-347-4089